```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT BAUGHMAN, individually and on
behalf of all others similarly situated,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           07-CV-3359 (JS)(ARL)

PALL CORPORATION, ERIC KRASNOFF, and
LISA MCDERMOTT,

                    Defendants.
----------------------------------------X
JOHN ARTIS, individually and on
behalf of all others similarly situated,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           07-CV-3712 (JS)(ARL)

PALL CORPORATION, ERIC KRASNOFF,
LISA MCDERMOTT, and FRANCIS B. MOSCHELLA,

                    Defendants.
----------------------------------------X
RICHARD J. KOOP, individually and on
behalf of all others similarly situated,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           07-CV-4110 (JS)(ARL)

PALL CORPORATION, ERIC KRASNOFF,
LISA MCDERMOTT, and FRANCIS B. MOSCHELLA,

                    Defendants.
----------------------------------------X
```

```
------------------------------------------X
```
THE EDWARD J. GOODMAN LIFE INCOME TRUST
and THE EDWARD J. GOODMAN GENERATION
SKIPPING TRUSTS, individually and on
behalf of all others similarly situated,

               Plaintiffs,

MEMORANDUM & ORDER
     -against-                07-CV-4252 (JS)(ARL)

PALL CORPORATION, ERIC KRASNOFF,
LISA MCDERMOTT, and FRANCIS B. MOSCHELLA,

               Defendants.
```
------------------------------------------X
```
RHODE ISLAND LABORERS PENSION FUND,

               Plaintiff,

MEMORANDUM & ORDER
     -against-                08-CV-144 (JS)(ARL)

ERIC KRASNOFF, DANIEL CARROLL, JR.,
JOHN HASKELL, JR., ULRIC HAYNES, JR.,
DENNIS N. LONGSTREET, EDWIN MARTIN, JR.,
KATHARINE PLOURDE, HEYWOOD SHELLEY,
EDWARD SNYDER, EDWARD TRAVAGLIANTI, and
PALL CORPORATION, a New York Corporation,
nominal defendant,

               Defendants.
```
------------------------------------------X
```
APPEARANCES:
For Plaintiffs:
Robert Baughman:          David A. Rosenfeld, Esq.
                        Mario Alba, Esq.
                        Coughlin Stoia Geller Rudman &
                        Robbins LLP
                        200 Broadhollow Road, Suite 406
                        Melville, NY 11747

Richard J. Koop:          Catherine A. Torell, Esq.
                        Cohen, Milstein, Hausfeld &
                        Toll, P.L.L.C.
                        150 East 52nd Street, 30th floor
                        New York, NY 10022

```
John Artis:                      Evan J. Smith, Esq.
                                 Brodsky & Smith, LLC
                                 240 Mineola Boulevard
                                 Mineola, NY 11501

Edward J. Goodman Trusts:        David Lloyd Wales, Esq.
                                 Wolf Haldenstein Adler Freeman &
                                 Herz LLP
                                 270 Madison Avenue
                                 New York, NY 10016

                                 Denis F. Sheils, Esq.
                                 Neil L. Glazer, Esq.
                                 Kohn, Swift & Graf, P.C.
                                 One South Broad Street, Suite 2100
                                 Philadelphia, PA 19107

Rhode Island Laborers            Christopher Lometti, Esq.
Pension Fund:                    Ashley H. Kim, Esq.
                                 Samuel P. Sporn, Esq.
                                 Schoengold Sporn Laitman & Lometti
                                 19 Fulton Street, Suite 406
                                 New York, NY 10038

For Defendants:                  No Appearance
```

SEYBERT, District Judge:

Before the Court are four securities fraud class action suits brought against Pall Corporation ("Pall") and three of its officers and directors, Eric Krasnoff, Lisa McDermott, and Francis B. Moschella (collectively the "Defendants").[1] Additionally, one of Pall's shareholders, Rhode Island Laborers Pension Fund ("Rhode Island Fund"), filed a derivative action on behalf of Pall on January 10, 2008. (Docket No. 08-CV-144.) On October 15, 2007,

---

[1] One of the class action suits, No. 07-CV-3359, does not name Francis B. Moschella as a defendant.

five class action plaintiffs moved for consolidation of the four class action suits, as well as for appointment as Lead Plaintiff and appointment of their respective chosen counsel as Lead Counsel. Subsequently, on December 17, 2007, one of the plaintiffs, Rhode Island Fund, withdrew its motion to consolidate and appointment of Lead Plaintiff and Lead Counsel. Accordingly, presently pending before the Court are four motions by the following class action plaintiffs: Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Counsel of Chicago and Vicinity ("Chicago Fund"), Macomb County Employees' Retirement System ("Macomb County"), Anchorage Police and Fire Retirement System ("Anchorage"), and The Edward J. Goodman Life Income Trust and the Edward J. Goodman Generation Skipping Trust ("The Goodman Trusts"). For the reasons set forth herein, the Court GRANTS the motions for consolidation, GRANTS Macomb County's motion for appointment as Lead Plaintiff, and appoints its chosen counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), as Lead Counsel in the consolidated actions. Additionally, the Court DENIES Chicago Fund's, Anchorage's, and The Goodman Trusts' remaining motions.

<u>BACKGROUND</u>

The Complaints in all of the actions allege essentially the same facts. Plaintiffs allege that they purchased shares of

4

Pall Corporation, a New York corporation, which manufactures and markets filtration, purification, and separation products and integrated systems solutions. The individual Defendants, Krasnoff, McDermott, and Moschella, are officers of Pall Corporation.

Plaintiffs' claims stem from purportedly false and misleading statements contained in both press releases made by and SEC filings submitted by Defendants. The alleged misstatements concern an understatement of income tax liability, which, plaintiffs allege, was known to Defendants and should have been disclosed. Plaintiffs allege that after numerous public filings over the years, Pall issued a press release on July 19, 2007, announcing that its Audit Committee had commenced an inquiry into a possible material understatement of U.S. income tax payments and of its provision for income taxes in certain prior periods beginning with fiscal year ended July 31, 1999. On August 2, 2007, Pall issued another press release announcing that its financial statements for fiscal years 1999 through 2006 and for each of the fiscal quarters ended October 31, 2006, January 31, 2007, and April 30, 2007 should no longer be relied upon and that a restatement of some or all of such financial statements were required. Pall also reported that it could owe up to $130 million in back taxes, not including interest and penalties. Plaintiffs allege that both disclosures caused significant declines in Pall's stock price.

DISCUSSION

I.   Consolidation Of The Actions

Pursuant to Federal Rule of Civil Procedure 42(a), a
Court may, among other things, consolidate actions that "involve a
common question of law or fact." Fed. R. Civ. P. 42(a).  District
courts have broad discretion to consolidate actions under Rule
42(a).  Furthermore, "consolidation is particularly appropriate in
the context of securities class actions if the complaints are based
on the same public statements and reports." Glauser v. EVCI Career
Colleges Holding Corp., 236 F.R.D. 184, 186 (S.D.N.Y. 2006).
Additionally, consolidation is not rendered inappropriate merely
because the identical defendants are not named in the
complaints. See In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 435
(S.D.N.Y. 2008).

Having reviewed the four Complaints filed in each of the
class action suits, the Court finds there are "common issues of law
and fact" and, therefore, that consolidation is appropriate.  Each
of the four Complaints alleges, inter alia, that Defendants made
false and misleading statements regarding Pall's financial results
by materially understating its income tax liability and misstating
its effective tax rate and the factors affecting Pall's effective
tax rate, all in violation of Sections 10(b) and 20(a) of the
Securities Exchange Act of 1934 and Rule 10b-5 promulgated

6

thereunder.  Accordingly, the Court consolidates the four actions for all purposes.

The shareholder derivative suit, No. 08-CV-144, also arises out of Defendants' alleged false and misleading statements concerning Pall's understated income tax liability and, therefore, is consolidated with the class actions for purposes of discovery. The Court will consider at a later date, upon motion or sua sponte, whether the derivative suit should be consolidated for trial as well.

Accordingly, the caption of the consolidated actions shall be "In re Pall Corp."  From the date of this Order forward, all filings shall be made under docket number 07-CV-3359.  Any other actions now pending or later filed in this district that arise out of or are related to the facts alleged in the consolidated class actions, shall be consolidated with these actions for all purposes under docket number 07-CV-3359.

## II.  Appointing A Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA"), enacted in December 1995, provides the appropriate standard for designating a lead plaintiff in securities class actions.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Within 20 days of filing a complaint, plaintiffs must publish a notice in a "widely circulated business-oriented publication or wire service" informing class

members of their right to move the Court, within 60 days of publication of such notice, for appointment as lead plaintiff. Id. § 78u-4(a)(3)(A).

In determining the appropriate lead plaintiff, the PSLRA provides, in pertinent part:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that (aa) has either filed the complaint or made a motion [to be designated as lead plaintiff]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> [] The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iii). As explained by the Second Circuit, "[t]wo objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23." Hevesi v. Citigroup, Inc., 366 F.3d 70, 81 (2d Cir. 2004).

A.    Calculation Of Financial Interest

While the PSLRA does not define the term "largest financial interest," courts in this Circuit generally consider the following four factors in calculating a plaintiff's financial interest: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  See In re Fuwei Films Sec. Litig., 247 F.R.D. at 437; Glauser, 236 F.R.D. at 187.  Moreover, most courts "place the most emphasis on the last of the four factors: the approximate loss suffered by the movant." Kaplan v. Gelfond, 240 F.R.d. 88, 93 (S.D.N.Y. 2007).

It is undisputed that Macomb County is the plaintiff with the greatest financial interest in this case.  Based on the record before the Court, during the class period (March 22, 2007 and August 8, 2007), Macomb County purchased 10,575 shares on July 6, 2007 and sold 753 shares on July 30, 2007. (Alba Decl. Ex. B.)  Accordingly, Macomb County held 9,360 shares at the end of the proposed class period.  It expended a net total of $439,898.73 (the total expended less the amount recouped from the shares it sold) and suffered an approximate loss of $86,556.69.[2]  (Id.)  Macomb

---

[2]  All approximations of loss incurred were calculated under the "first in first out" ("FIFO") method.

County incurred a loss approximately twice as great as Chicago Laborers' Fund, the movant with the second greatest loss. (Id.)

During the class period, Chicago Laborers' Fund purchased 8,000 shares of Pall stock and did not sell any of the 8,000 shares. It expended total and net funds equal to $347,529.34 and suffered a loss of approximately $43,265.34. (Torell Decl. Ex. B.)

Anchorage is next in line, with 3,100 shares purchased during the class period and, again, none sold. Anchorage's total and net funds expended equal $132,068.79, and its approximate loss totals $13,812.55. (Silk Decl. Ex. B.) Last in line of the movants, The Goodman Trusts, purchased 107 shares during its proposed class period (April 20, 2007 and August 8, 2007), and retained all 107 shares at the end of its proposed class period. (Sheils Decl. Ex. B.) Its total and net funds expended equal $5,025.91, and its approximate loss is $921.22.

Having determined that Macomb County is the movant with the largest financial interest, based on all four factors, the Court goes on to consider whether Macomb County satisfies the requirements of Rule 23.

   B.   Rule 23 Requirements

In assessing whether a proposed lead plaintiff satisfies the criteria set forth in Rule 23, a district court focuses on the typicality and adequacy requirements of Rule 23. See Fed. R. Civ.

P. 23(a); <u>Sofran v. LaBranche & Co., Inc.</u>, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. (internal quotations omitted)); <u>In re Crayfish Co. Sec. Litig.</u>, No. 00-CV-6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002). The inquiry is not as stringent as that observed by a district court assessing a proposed class certification. <u>See</u> <u>Weinberg v. Atlas Air Worldwide Holdings, Inc.</u>, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); <u>Crayfish</u>, 2002 WL 1268013 at *4 ("At this stage in the litigation, one need only make a 'preliminary showing' that [Rule 23's] typicality and adequacy requirements have been satisfied.").

Typicality is satisfied if "the defendants 'committed the same wrongful acts in the same manner against all members of the class'" <u>Hevesi</u>, 366 F.3d at 82-83 (quoting <u>In re Prudential Sec. Inc. Ltd. P'ships Litig.</u>, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)). But typicality does not require that a lead plaintiff have standing to sue on every claim available to all plaintiffs in the class. <u>See</u> <u>Hevesi</u>, 366 F.3d at 82-83. Adequacy is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct

the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." Crayfish, 2002 WL 1268013 at *5.

The Court finds that Macomb County satisfies the typicality and adequacy criteria. Macomb County's claims are typical of the class because they arise out of Defendants' allegedly false and misleading averments concerning Pall's understatement of its tax liability. The gravamen of all class plaintiffs' claims stem from the impact that such understatement had on Pall's stock price. Accordingly, the Court finds Macomb County's claims typical of the class.

The Chicago Fund contends that Macomb County does not meet the adequacy requirements because it admittedly will not pursue claims of plaintiffs who purchased shares after the July 19, 2007 partial disclosure. The Chicago Fund's argument is based on Macomb County's opposition to Chicago Fund as Lead Plaintiff: namely, Macomb County's argument that Chicago Fund is an inappropriate Lead Plaintiff because it continued to purchase shares of Pall "after the fraud came to light." (Macomb County Opp'n 8.) Macomb County made this argument solely in opposition to Chicago Fund's motion to be appointed Lead Plaintiff, contending that Chicago Fund would be subject to unique defenses based on the

timing of its purchases. Nowhere does Macomb County suggest, let alone admit, that it is not willing to pursue claims of plaintiffs who purchased Pall stock after July 19, 2007. In fact, Macomb County's proposed class period – March 22, 2007 to August 8, 2007 – belies such a contention. Additionally, as discussed more fully herein, the Court finds that Macomb County has selected competent counsel, and there is no indication that its claims are antagonistic to the rest of the class. Consequently, Macomb County satisfies Rule 23's adequacy requirements.

Furthermore, any concerns with respect to Macomb County's ability to represent plaintiffs who purchased shares after the partial disclosures are mitigated by Macomb County's obligation, as Lead Plaintiff, to designate appropriate named plaintiffs to assist in advancing such claims. See id., at 82-83; Weinberg, 216 F.R.D. 253-54; In re Global Crossing Ltd. Sec. Litig., 313 F. Supp. 2d 189, 204 (S.D.N.Y. 2003) ("In conducting the lawsuit on behalf of all class members and all those who have brought complaints that have been consolidated under their leadership, Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims.")

Accordingly, the Court finds Macomb County to be the

presumptive Lead Plaintiff in this action. The Court next considers attempts to rebut this presumption.

III. <u>Lead Plaintiff Presumption Not Rebutted</u>

Notwithstanding Macomb County's presumptive Lead Plaintiff status, Chicago Fund and Rhode Island Fund contend that Macomb County is an inappropriate Lead Plaintiff. Chicago Fund puts forth four arguments in an attempt to rebut the presumption, two of which the Rhode Island Fund joins. Chicago Fund argues that the presumption is rebutted because Macomb County (1) is involved in its own internal fraud investigation, (2) filed a false certification in that it failed to include a case in which it sought, and was granted, lead plaintiff status, (3) is involved in too many class actions, and (4) is in financial crisis and experiencing layoffs and cutbacks. Rhode Island Fund filed a statement of non-opposition to the Chicago Fund's motion for appointment of Lead Plaintiff and Approval of Lead Counsel in which it opposed appointment of Macomb County as Lead Plaintiff because of Macomb County's ongoing fraud investigation and budget crisis.

All but the second argument are based essentially on the contention that Macomb County will be too preoccupied, whether it be with its own problems or other cases, to serve as Lead Plaintiff. First, there is no evidence that Macomb County itself is being investigated for fraud. Macomb County's Secretary, David

Diegel, who is also the Finance Director of the County of Macomb ("County"), is among a group of five department heads who were subject to investigation and questioned by County commissioners. Such an investigation, however, does not affect Macomb County's ability to serve as Lead Plaintiff. See <u>Ferrari v. Impath, Inc.</u>, No. 03-CV-5667, 2004 U.S. Dist. LEXIS 13898, at *22 (S.D.N.Y. July 14, 2004). Second, in addition to the fact that Macomb County was not the subject of the investigation, it appears that Mr. Diegel, along with the other department heads, were cleared of any wrongdoing. (Docket Entry 43.)

Chicago Fund also points out that Macomb County: (a) has sought to be lead plaintiff in five different class action cases within the past three years; (b) has moved to be appointed lead plaintiff in four securities class actions, including this action, during a four-month period; and (c) thus far, was appointed lead plaintiff in one of those actions, which is pending in Illinois. In short, Chicago Fund argues that Macomb County is a professional plaintiff who is unable to devote adequate resources to controlling this litigation.

While the Court does not dispute that Macomb County is quite experienced in the area of securities class actions, such experience does not disqualify it from appointment as Lead Plaintiff. As this Court has previously noted, "in this regard,

the PSLRA's rule is clear: a plaintiff is not barred from being designated as a lead plaintiff unless that plaintiff has been designated lead plaintiff in five securities class actions within three years." In re OSI Pharms., No. 04-CV-5505, slip op. at 16 (E.D.N.Y. Sept. 21, 2005) (citing 15 U.S.C. § 78u-4(a)(3)(B)(vi)).

At the time Macomb County filed the pending motion, it had only been named lead plaintiff in one action and, at most, will be designated lead plaintiff in one other, having been denied lead plaintiff status in the third action. If Macomb County is designated Lead Plaintiff in this action as well, it will still fall short of the requisite five actions. Absent a showing that Macomb County satisfies the criteria set forth in Section 78u-4(a)(3)(B)(vi), the Court declines to find it an unfit Lead Plaintiff simply based upon its participation in other actions. "Congress has provided a 'litigiousness' standard that this Court will not trammel upon by providing an alternative threshold." OSI Pharms., slip op. at 16.

Chicago Fund's attempt to rely on In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803, 820 (N.D. Ohio 1999), in support of its argument is unavailing. Chicago Fund asserts that Telxon stands for the proposition that "because the proposed lead plaintiff was simultaneously involved in more than one securities clase action, it would have fewer resources available and be less able to police

its attorney's conduct." (Chicago Fund Mem. in Further Supp. 11.) While this assertion may be true, Chicago Fund neglects to mention the fact that the proposed lead plaintiff in Telxon had already exceeded the "five action" rule. The question before the district court in Telxon was not simply whether a plaintiff was capable of maintaining the status of lead plaintiff in multiple, simultaneously proceeding actions, but rather whether institutional investors, with substantial holdings in numerous securities were subject to the "five action" rule. See Telxon, 67 F. Supp. 2d at 819-22. The Telxon Court found that there was no exemption for institutional investors and rejected the proposed lead plaintiff because, inter alia, "it ha[d] served as lead plaintiff in five securities class actions in the last three years." Id. at 820. It is also noteworthy that the institutional investor seeking appointment in Telxon also arguably failed to satisfy the greatest financial loss criteria. Id. at 822. Accordingly, the Court rejects Chicago Fund's "frequent filer" argument.

Finally, within this class of argument, Chicago Fund contends that Macomb County's dismal financial situation renders it unable to adequately serve as Lead Plaintiff. In support of this argument, Chicago Fund cites to numerous newspaper articles detailing the budgetary crisis. Although Chicago Fund represents that these articles speak to Macomb County's, the entity seeking to

be appointed Lead Plaintiff in this action, financial issues, in fact, the articles report on the County's fiscal problems. (Torell Decl. in Further Supp. Exs. G, K, R.) Notably, not only do the articles refer to an entity not seeking to be appointed Lead Plaintiff, Chicago Fund cites to no case law in support of its argument. Without more, the Court finds that the County's budgetary situation is insufficient to rebut the presumption to which Macomb County is entitled under the PSLRA. See Strougo v. Brantley Capital Corp., 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration."); Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject."); Sofran v. LaBranche & Co., 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere speculation.)

Chicago Fund also argues that Macomb County should not be appointed Lead Plaintiff because its Lead Plaintiff certification is materially false. Specifically, Chicago Fund contends that Macomb County failed to disclose, in its certification accompanying

the class action complaint, that it sought to serve and did serve as a lead plaintiff in another previously filed securities class action: In re CNL Hotels and Resorts, Inc. Sec. Litig., No. 04-CV-1231 (M.D. Fla.). CNL Hotels and Resorts was commenced on August 16, 2004 in the United States District Court for the Middle District of Florida. (Macomb County Reply Mem. Ex. C.) According to Chicago Fund, Macomb County was required to disclose its participation in the CNL Hotels and Resorts action.

Macomb County contends that Chicago Fund's attack on its credibility is unfounded because 15 U.S.C. § 78u-4(a)(2)(A), which governs the content of a class action plaintiff's certification, only requires disclosure of actions _filed_ within the last three years in which the plaintiff is now seeking to serve as Lead Plaintiff. The Court agrees. Section 78u-4 expressly states that a party's lead plaintiff certification must identify other cases "_filed_ during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party." 15 U.S.C. § 78u-4(a)(2)(A)(v) (emphasis added). CNL Hotels and Resorts was filed in August 2004, and Macomb County's Lead Plaintiff certification was sworn to on October 2, 2007. Accordingly, CNL Hotels and Resorts was not filed within the three years prior to the certification in this action and, therefore, Macomb County was not

required to identify it in its certification.

Consequently, Chicago Fund and Rhode Island Fund have failed to rebut the statutory presumption that Macomb County is the most appropriate Lead Plaintiff.

IV. <u>Co-Lead Plaintiff</u>

Alternatively, Chicago Fund moves to be appointed co-Lead Plaintiff along with Macomb County. The Court notes that the PSLRA contains no presumption in favor of co-lead plaintiffs over one lead plaintiff, especially when the presumptive Lead Plaintiff is an institutional investor. <u>See</u> <u>Fuwei Films Sec. Litig.</u>, 247 F.R.D. at 439; <u>Glauser</u>, 236 F.R.D. at 189. As one court in this Circuit has noted,

> 'Co-Lead Plaintiff might be appropriate in certain situations, such as two institutional investors with roughly equal economic losses in a particular case, or two or more smaller investors with roughly equal interests where there is no plaintiff with a significantly larger interest than all other plaintiffs. Here, however, where the interest of one institutional investor in this litigation far exceeds the interests of other purported plaintiffs, nothing persuades the Court to appoint co-Lead Plaintiffs.'

<u>Glauser</u>, 236 F.R.D. at 189 (quoting <u>Gluck v. CellStar Corp.</u>, 976 F. Supp. 542, 549-50 (N.D. Tex. 1997)). The Court is not persuaded that a co-lead plaintiff should be appointed where the presumptive Lead Plaintiff, Macomb County, is an institutional investor with a

financial interest that is approximately double that of Chicago Fund and there is no evidence that Macomb County's interests are antagonistic to that of the class or that it is subject to unique defenses. Accordingly, the Court DENIES Chicago Fund's request to be appointed co-Lead Plaintiff.

V.    Appointment Of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78-u4(a)(3)(B)(v). Macomb County moves to have Coughlin Stoia appointed Lead Counsel. In support of the request, Mario Alba, Jr., Esq., of Coughlin Stoia has submitted a Declaration to which Coughlin Stoia's 72-page resume is attached.  According to its resume, Coughlin Stoia is currently lead or named counsel in approximately 500 securities class action or large institutional-investor cases, including the prominent In re Enron Corp. Sec. Litig., No. 01-H-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005).  Based on Couglin Stoia's extensive experience as counsel in securities class actions, the Court GRANTS Macomb County's motion to have Coughlin Stoia appointed Lead Counsel.

<u>CONCLUSION</u>

For the foregoing reasons, the motions to consolidate the actions, 07-CV-3359, 07-CV-3712, 07-CV-4110, 07-CV-4252, are GRANTED. The caption of the consolidated actions shall be "In re Pall Corp." From the date of this Order forward, all filings shall be made under docket number 07-CV-3359. Additionally, the shareholder derivative action, 08-CV-144, shall be consolidated with the class actions for purposes of discovery. Macomb County's motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel is GRANTED. All other motions are DENIED.

Pursuant to the Stipulation and Order dated October 9, 2007, the Consolidated Amended Complaint shall be filed no later than 45 days after entry of this Order. Defendants shall answer, move, or otherwise respond to the Consolidated Amended Complaint no later than 45 days after Macomb County serves the Consolidated Amended Complaint.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated: May  28  , 2008
       Central Islip, New York